CITY OF PINEVILLE v. LEWIS.

Court of Appeals of Kentucky.

Feb. 22, 1952.

W. R. Knuckles, Cleon K. Calvert, Pineville, for appellant.

Lay & Knuckles, Pineville, for appellee.

STANLEY, Commissioner.

The judgment holds the City of Pineville was without power to collect a privilege or license tax on taxicabs during the years 1947 to 1950 inclusive, and awards recovery of sums paid under the invalid ordinance to the appellee, Joe Lewis.

The case is ruled by City of Louisville v. Louisville Taxicab & Transfer Co., Ky., 238 S.W.2d 121, holding that under KRS 281.570(2) a city could not impose a license fee or tax on a taxicab operating under a permit of the State Division of Motor Transportation. The appellant seeks to escape the decision by the argument that its ordinance was enacted under the police power and imposes a license fee on the occupation of operating a taxicab, and is not a revenue measure or tax upon the means of carrying on the business. It claims authority under KRS 92.280(2). We cannot follow the argument. The ordinance is very comprehensive and covers various professions, businesses and the instrumentalities used therein. If it had been intended merely to impose a fee for the business of operating a

common carrier using taxicabs, the holder of the license would have been at liberty to operate an indefinite and large fleet of cars for the one license or fee. The tax is, "For each taxicab, $35.00." It is primarily a revenue measure, although what it may be called is immaterial. City of Louisville v. Sebree, 308 Ky. 420, 214 S.W. 2d 248. The case is clearly within the City of Louisville case, supra.

The judgment is affirmed.